**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
————————————————————————

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

      **v.**                                **12-CR-101A**

**CALVIN YOUNG, et al.**

                **Defendant.**
————————————————————————

## DECISION AND ORDER

      This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.   Dkt. #6.


## PRELIMINARY STATEMENT

      The defendant, William Smith ("Smith"), along with seven others, is

charged in a one-count, Superseding Indictment (Dkt. #10) with conspiracy to possess

with intent to distribute and to distribute 5 kilograms or more of cocaine.  The

defendants also face a forfeiture allegation.  Presently pending are Smith's non-

dispositive discovery motions with respect to the Superseding Indictment and a motion

to suppress statements. Dkt. #54.  What follows is this Court's Decision and Order with

respect to defendant Smith's non-dispositive discovery motions.  This Court's Report,

Recommendation and Order addressing defendant Smith's motion seeking the

suppression of his statements will be separately filed.

## DISCUSSION AND ANALYSIS

**Exclusion of Statements of Non-Testifying Co-Conspirators**

Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) and the Sixth Amendment to the United States Constitution, the defendant requests that the Court preclude the admission into evidence of all post-arrest statements by non-testifying co-conspirators/co-defendants which may implicate the defendant in any way. Dkt. #54, pp.4-6. In support of this request, the defendant claims that, "because he has not received discovery of any post-arrest statements by co-conspirators or co-defendants, Mr. Smith cannot know whether the government will seek to use such evidence against him, or even if such statements exist." *Id*. at p.5. In its response, the government states,

> Smith's attorney claims that the proof against defendant Smith is the incriminating statements of co-conspirators of which he has been provided. He puts forth that use of their post-arrest statements as non-testifying co-defendants would be inadmissible because such statements violate Smith's 6th amendment right to cross-examine witnesses. He also states that post-arrest statements by non-testifying co-defendants are inadmissible under the analysis as <u>Bruton v. United States</u>. [sic] 391 U.S. 123 (1968). The government intends to present substantial evidence in addition to that of any co-defendant statements in order to prove defendant Smith's involvement in the crime, and his assertion that the claimed statements are of non-testifying co-defendants misses the mark and is, at best, premature. Thus, the <u>Bruton</u> rule in this circumstance is not applicable and will not be a justification for severance, if defendant so moves as he reserves.

Dkt. #58, p.3 (internal footnote omitted).

Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request in this regard is denied. Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Bill of Particulars**

In five separately lettered requests, the defendant seeks the following information concerning the conspiracy to possess with intent to distribute cocaine charged in Count 1 of the Superseding Indictment:

> a. A list of all unindicted co-conspirators, regardless of whether the government intends to call any co-conspirator as a witness at trial. See *United States v. DeGroote*, 122 Frd, [sic] 131, 137-39 (WDNY, 1988) (Collecting cases); *United States v. Feloa*, 651 F.Supp. 1068, 1132-34 (SDNY, 1987), affirmed 875 F2d 857 (2d Cir., 1989).
>
> b. With respect to counts one as well as the forfeiture charge, the specific times, dates and locations where Mr. Smith or other co-conspirators committed the crimes as set forth in the indictment.
>
> c. State with particularity whether the government claims whether there are any further co-conspirators whose identities are not known to the government.
>
> d. With respect to any overt acts provide the date time and place and participants of any overt acts which were not set forth in the indictment.
>
> e. State with particularity which acts in furtherance of the conspiracy were committed outside of the Western District of New York.

Dkt. #54, p.8. In addition, defendant Smith seeks "the specific date, time and place and

substance of the each of the acts set forth in the forfeiture allegation which amounted to an act or omission with respect to defendant William Smith which justifies the seizure and forfeiture of his assets." *Id*.

In its response to defendant Smith's request for particularization of the conspiracy charge, the government asserts that the Superseding Indictment is sufficient and that the demand for a bill of particulars is unwarranted. Dkt. #58, p.4. In addition, the government states,

> The volume of discovery provided thus far in this action provides an overall picture of the defendant's culpability and actions relative to the conspiracy and the combination of the search warrants and inventories and affidavits thereto, laboratory reports, CD's of conversations, redacted DEA reports and interviews, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).

Dkt. #58, p.4.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superseding Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being

sought for that purpose.  Accordingly, defendant's request for a bill of particulars is

denied.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused." *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.*
> *denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
> rests within the sound discretion of the district court." *United*
> *States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars." *Hemphill*
> *v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).

**Disclosure of Informant Information**

The defendant requests the disclosure of the identity of all informants

possessing information which may be material to defendant's alleged guilt or

innocence, the identity of all informants who were present at any of the events

described in the Indictment and all government reports containing any information

received from an informant.  Dkt. #54, pp.10-17.  In its response, the government states

that such disclosure is unwarranted at this time. Dkt. #58, pp.9-10. In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony

would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).


In support of his request, the defendant argues that he is entitled to the location and present whereabouts of any and all informants so that an investigation may be made into the credibility and background of the informants prior to trial. Dkt. #54, p.13. In addition to the revelation of the identity, location and present whereabouts of each informant, the defendant further asserts that he is entitled to pretrial access to

the prosecution witnesses. *Id.* at pp.14-17. As a threshold matter, defendant Smith

recognizes that the general rule is that in non-capital cases the accused has no

constitutional right to require the production of the names and addresses of prospective

witnesses. However, the defendant maintains that this rule is "suffering from increasing

erosion." *Id.* at p.14. Lastly, the defendant offers the standard, boilerplate reasoning

offered in nearly every case in support of his request, *i.e.*, "[t]he inherent unreliability of

the testimony of an accomplice or government informant underscores the need for

complete disclosure of information relating to credibility." Dkt. #54, p.16. Without more,

the Court finds that the defendant has failed to sufficiently state a basis for requiring the

disclosure of this information or that the testimony of the informant would be of even

marginal value to the defendant's case. Accordingly, defendant's request is denied

without prejudice.


**Discovery**

As a threshold matter, the defendant acknowledges that the government

has provided some voluntary discovery. Dkt. #54, pp.17-18. By this request, however,

the defendant "moves to compel discovery of all items or information to which the

Defendant is entitled." *Id.* Moreover, the defendant specifies the following ten

separately lettered requests: (a) records, including reports and/or logs, relating to the

alleged conspiracy and the arrest of all co-conspirators; (b) all records, including reports

and/or logs, regarding radio transmissions from the officers at any search warrant or

arrest scene regarding the investigation; (c) reports and/or test results relating to the

determination of any issue in this case; (d) photographs taken relating to the investigation; (e) documents and photographs seized on the day of any searches; (f) inspection of all items seized from the defendant on the day of his arrest; (g) names and identities of expert witnesses, their qualifications, such of testimony, reports, results of tests, examinations or experiments; (h) any search warrant, arrest warrant, wiretap order and/or surveillance order applied for and/or issued or denied during investigation; (i) written notification pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure of any evidence on which the government intends to rely that may be the subject of a motion to suppress and to which the defendant is entitled to discovery pursuant to Rule 16. *Id*. at pp.17-18. In addition, defendant Smith requests the disclosure of any and all statements of the defendant, any and all tangible objects, the identity of any expert witnesses, a summary of the expert testimony, the defendant's prior criminal record, any identification evidence and reports of examinations and tests. Dkt. #54, pp.19-24.

In its response, the government states that since the return of the Indictment, the government has complied with and intends to continue to comply with the requirements of Rule 16 of the Federal Rules of Criminal Procedure. Dkt. #58, pp.10-13. Specifically, the government states,

> The government contends that it had provided, pursuant to voluntary discovery on July 6, 2012, search warrants and inventories and affidavits thereto, laboratory reports, CD's of conversations, redacted DEA reports and interviews, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete. The government further does not concede that any of the materials requested by the defendant to the extent not

previously disclosed falls within the purview of Rule 16. All written and recorded statements of the defendant have been provided or will be provided, as well as the substance of any oral statements made by the defendant before and after arrest in response to interrogation by any person known to the defendant to be a government agent. The government declines to provide those other materials requested in the motions as outside the purview of Rule 16. See United States v. Fearn, 589 F.2d 1316 (7th Cir. 1978); United States v. Cook, 530 F.2d 145 (7th Cir. 1976); United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Collins, 652 F.2d 735, 738 (1982).

The results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendant. If any further reports are forthcoming, they will be provided upon receipt by the government. The government will comply with the defendant's requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E.

The government has made available of [sic] all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant. The defendant is apprised that he can examine such material in the custody of the DEA and pursuant to Rule 12(b)(4)(B), such evidence shall be used by the government against him at trial.

The government agrees to disclose the conviction records at trial of all witnesses it intends to call at trial. It is also agreed that the government will provide to the defendant his arrest record.

The government will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses, as provided by Title 18, United States Code, Section 3500. The government declines to provide statements and the identities of all persons interviewed and not intended to be called by the government as outside the requirement of Title 18, United States Code, Section 3500 and Rule 16 of the

> Fed. R. Crim. P. Regarding rough notes, no such basis
> exists at this time for providing the requested materials, if
> they exist. The government will endeavor to maintain such
> materials, if they exist. This in no way should be construed
> as any concession that said notes are subject to disclosure.

Dkt. #58, pp.10-13. Based on the representations made by counsel for the

government, defendant Smith's motion for discovery is denied.


**Brady Material**

Within his broad request labeled "Motion to Compel Production of *Brady*

Material," the defendant seeks the immediate disclosure of all exculpatory and/or

impeaching material in the government's possession, custody and control. Dkt. #54,

pp.24-30. Specifically, the defendant seeks the following five categories, including

fourteen sub-categories, of documents, information and/or material tending to

exonerate Smith, evidence tending to impeach the credibility of any prospective

government witness, written and oral statements made by any person, including co-

defendants, with knowledge of the events charged in the Indictment, written or oral

statements made by persons and/or co-defendants the government believes has

information helpful to the defense, and name and address and the written or oral

statements of any witness or co-defendant whom the government does not intend to

call as a witness. Dkt. #54, pp.24-28. Thus, the Court will treat this request principally

as one for *Brady* and *Giglio* material.

In its response the government states that, "[a]t the present time, the government is not in possession of any "exculpatory" material within the contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material, if and when it is aware of it."  Dkt. #58, p.15.  "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."  *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Rule 404(b), 608 and 609 Material**

By this request, the defendant "respectfully requests that the government notify him of any evidence that the Government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence." Dkt. #54, p.30. In addition, the defendant also requests pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility should he choose to testify. The defendant also requests a pre-trial hearing to determine the admissibility of such evidence. *Id*. at p.31. Moreover, the defendant also requests discovery of all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call. *Id*. In its response, the government states that,

> By way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to prove during its direct case at trial. It is the government's position that such proof is relevant and admissible pursuant to Rule 404(b), as well as pursuant to normal evidentiary considerations concerning proof of the existence of and participation in the overall conspiracy alleged in the Indictment.
>
> The defendant generally has requested specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), which it may use as impeachment material. The government will provide this information consistent with its disclosure of Jencks material. It is submitted that any hearings on the admissibility of such evidence is a matter for the District Court at the time of trial.

Dkt. #58, pp.15-16.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial. Accordingly, the defendant's request for an Order with respect to admissibility of such evidence is denied.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. In its response, the government states that the defendant has been provided with his criminal history. Dkt. #58, p.16. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* Act material and the disclosure requirements set by the trial judge in advance of the trial.

**Witness Statements**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500. Dkt. #54, pp.31-33. Specifically, the defendant requests the immediate disclosure of the witness statements, "but in no event not later than six weeks prior to the date of the trial." *Id*. at p.32.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Preservation of Rough Notes and Other Evidence**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation, regardless of whether or not the contents of the notes are incorporated in official records. Dkt. #54, pp.32-33. In addition, the defendant also requests an Order from this Court directing the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of defendant. *Id.* Although the government does not separately respond to defendant's request for rough notes, elsewhere in its response, the government states, "[r]egarding rough notes, no such basis exists at this time for providing the requested materials, if they exist. The government will endeavor to maintain such materials, if they exist. This is no way should be construed as any concession that said notes are subject to disclosure." Dkt. #58, pp.12-13.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

**Production of Grand Jury Transcripts**

By this request, the defendant seeks an Order pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure for the disclosure of the transcripts of the testimony and all exhibits presented to the Grand Jury that indicted the defendant. Dkt. #54, pp.33-34. In support of his request, the defendant argues that he,

> is the subject of a bare bones Indictment. Except for the names of law enforcement officers and others in various

-17-

> interception applications, Mr. Smith has no information as to
> who the witnesses against him will be.  The particularized
> need justifying disclosure is so that Mr. Smith is informed of
> what evidence actually exists against him, and so he can
> intelligently make a decision as to his course of action.

Dkt. #54, p.33.   In its response, the government states, "[c]ontrary to defendant Smith's

arguments, an indictment is presumed regular and proper. . . .  The government refuses

to provide information requested by the defendant as no basis to compel disclosure has

been provided."  Dkt. #58, p.17.


It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  The assertion of the defendant as to his "particularized need" is legally

insufficient to require disclosure of the grand jury proceedings as requested by him.  It

is pointed out that transcripts of grand jury testimony of witnesses called by the

government to testify at trial must be made available to the defendant pursuant to and

in accordance with the provision of 18 U.S.C.  § 3500.

It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956). Therefore, defendant's request for disclosure of the grand jury proceedings is denied.

**Voir Dire of Expert Witnesses**

By this request, the defendant seeks an Order permitting his counsel to conduct *voir dire* of any proposed government expert witness at trial outside the presence of the jury. Dkt. #54, pp.34-35. In support of his request, the defendant asserts that,

> [i]n the present case, complete discovery has not been received from the government, including the names of and summaries by the government's proposed experts, if any, pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Therefore, this motion is made so that if the government subsequently identifies any experts (such as to identify questioned substances), defense counsel may *voir dire* the expert outside the presence of the jury.

*Id*.

In its response, the government states, "[t]he motion should be denied as premature without prejudice to renewal as a motion in limine for the trial court. At that point in time, the defendant will have full expert disclosure in sufficient detail for meaningful evaluation of the motion." Dkt. #58, p.18. Insofar as the government appears to concede that it intends to rely on expert testimony and will comply with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence concerning pretrial disclosure of documents and information relating to those experts, any motion *in limine* concerning the credibility of the proposed government expert witness and the

admissibility of any expert's testimony should be left to the discretion of the trial judge. Accordingly, defendant's motion concerning *voir dire* of an expert witness outside the presence of the jury is premature and is denied as moot.

**Audibility Hearing**

Defendant has requested an audibility hearing "to determine whether any tapes that the Government seeks to introduce at trial are audible." Dkt. #54, p.35. While the government has no opposition to the Court's review of the recordings intended to be offered by the government, its states that it believes that the CDs provided during the course of voluntary discovery are clearly audible and easily understood. Dkt. #58, p.19. Notably, the defendant does not specifically identify any telephone conversations he believes to be inaudible.

It would appear that neither counsel for the defendant nor counsel for the government have advised the Court that after a review of the audiotapes or CDs that may be used at trial by the government, there are any actual audibility problems or issues with respect to such tapes or CDs. Therefore, the defendant's motion in this regard is denied without prejudice to the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tape or CD

recordings prepared.  Once such transcripts have been prepared, counsel for the

government shall supply copies of the designated tapes or CDs and respective

transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed

to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon

completion of such review, make known to counsel for the government those portions

of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are

inaudible or, in the alternative, inaccurately transcribed.  Thereafter, counsel for the

government and the defendant are directed to confer for the purpose of resolving any

disputes that may exist as to audibility of the tapes or CDs in question and the

correctness of the transcripts of such tapes or CDs.  Should the attorneys be unable to

resolve any such disputes that may exist, counsel for the defendant may file a motion

for an audibility hearing, which motion must be filed and served within ten days after the

last conference between the attorneys seeking to resolve such issues.


**Motion for Leave to Join in Motions Filed by Co-defendants**

The defendant seeks to join in any motion filed by any of his co-

defendants. Dkt. #54, pp.35-36.  This request is granted with the further directive and

finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the

finding and Order of this Court as to the defendant herein.

**Other Motions**

Finally, the defendant seeks to reserve the right to file any other motions "which may be necessary under the circumstances of this case." Dkt. #54, p.36. Defendant Smith requested permission to supplement his motion to suppress and to date, has failed to do so. To the extent the defendant wishes to file additional pretrial motions, the defendant will need to seek permission from the Court by filing a motion outlining the relief to be sought and the reasons for the delay. Accordingly, defendant's request is denied without prejudice.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #58, pp.20-21. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

**Notice Pursuant to Federal Rule of Evidence 807**

In addition to its reciprocal discovery demand, pursuant to Federal Rule of Evidence 807, the government seeks advance disclosure of any statements the defendant proposes to utilize at a trial of this matter. Dkt. #58, p.21. Rule 807 of the Federal Rules of Evidence requires that in order for a statement to be admissible, the proponent give the adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address. Based on the notice requirements set forth in Federal Rule of Evidence 807, the government's request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
              January 24, 2013

                                 *s/ H. Kenneth Schroeder, Jr.*
                                 **H. KENNETH SCHROEDER, JR.**
                                 **United States Magistrate Judge**